THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00078-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| (1) MARION KENT COVINGTON and | ) | |
| (2) DIANE MARY McKINNY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Motion to Dismiss filed by defendant Diane Mary McKinny. [Doc. 17]. Defendant Marion Kent Covington moves to join in and adopt the Motion to Dismiss. [Doc. 20].

The Defendants move to dismiss the Bill of Indictment on the grounds that the Government failed to commence this action within the applicable statute of limitations.

The Defendants are charged with conspiring to commit the offense of wire fraud affecting a financial institution, in violation of 18 U.S.C. §§ 1343 and 1349. [Doc. 1]. While the statute of limitations for most non-capital offenses is five years, see 18 U.S.C. § 3282(a), the statute of limitations

applicable to the offense of wire fraud affecting a financial institution, or for a conspiracy to commit the same, is ten years, see 18 U.S.C. § 3293 ("No person shall be prosecuted, tried, or punished for a violation of, or a conspiracy to violate . . . section 1341 or 1343, if the offense affects a financial institution . . . unless the indictment is returned . . . within 10 years after the commission of the offense."). Here, every act alleged in the Bill of Indictment occurred within ten years of the date of presentment of the charges.

The Defendants argue that the ten-year statute of limitations is not applicable because the Indictment fails to allege that the named financial institutions were "affected" by the offense in a way that is cognizable under § 3293. The Fourth Circuit has held that a wire fraud offense under § 1343 "affects" a financial institution "only if the institution itself were victimized by the fraud, as opposed to the scheme's mere utilization of the financial institution in the transfer of funds." United States v. Ubakanma, 215 F.3d 421, 426 (4th Cir. 2000).

Here, the Bill of Indictment specifically alleges, in pertinent part, that many of the wire payments of unemployment insurance benefits made as a result of the Defendants' alleged scheme were, at least in part, funded by the Federal Reserve. [Doc. 1 at ¶ 25]. The Federal Reserve is a "financial

2

institution" within the meaning of the wire fraud statute. See 18 U.S.C. § 20(7). As such, the Government has sufficiently alleged that the Defendants' alleged wire fraud "affected" a financial institution such that the ten-year statute of limitations is applicable. Accordingly, the Defendants' motion to dismiss the Bill of Indictment is denied.

**IT IS, THEREFORE, ORDERED** that Defendant Covington's Motion to Join in and Adopt Co-Defendant's Motion to Dismiss [Doc. 20] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant McKinny's Motion to Dismiss [Doc. 17] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 30, 2018

Martin Reidinger
United States District Judge